Richmond.

COLLINS & OTHERS v. SUTTON.

December 10, 1896.

1. CHANCERY PLEADING—*Want of Jurisdiction—When and where objection made.*—An objection to a bill for want of jurisdiction may be taken for the first time in the appellate court, though there was no demurrer to the bill in the trial court.

2. CHANCERY JURISDICTION—*Disputed boundaries—When courts of equity will interpose.*—Courts of equity will not interpose to ascertain boundaries, unless, in addition to the confusion of the controverted boundaries, there is suggested some peculiar equity, which has arisen from the conduct, situation, or relation of the parties, but will leave the parties to their remedies at law.

3. CHANCERY JURISDICTION—*Bill for discovery—What bill must charge when the demand is legal.*—When an attempt is made to enforce a legal demand in a court of equity, and the alleged ground of equity is the need of a discovery, the bill must aver that the discovery is material and necessary. A bill which charges that the defendant has in his possession a deed and plat which will show the true boundaries of land claimed by the complainant, and which prays for the production of the deed, but does not aver that the deed is necessary for the purpose, but admits that the courses and distances are well known to the complainants, is bad on demurrer. The complainant has an adequate remedy at law.

4. INJUNCTIONS—*Trespass—Irreparable injury—Insolvency of defendant.*—A court of equity will not enjoin a trespass at the instance of a party averring a good legal title, unless the bill charges that irreparable injury will result if the injunction is denied—setting forth the facts constituting the injury—or that the defendant is insolvent.

Appeal from a decree of the Circuit Court of Caroline county, pronounced September 12, 1894, in a suit in chancery wherein the appellee was the complainant, and the appellants and another were the defendants.

*Reversed.*

The opinion states the case.

*E. C. Moncure* and *Smith, Moncure & Gordon*, for the appellants.

*A. B. Chandler*, for the appellee.

HARRISON, J., delivered the opinion of the court.

The chief object of the bill in this case is to settle a disputed boundary line. It does not appear that the bill was demurred to, but the objection for want of jurisdiction may be taken for the first time in this court. See *Boston Blower Co.* v. *Carman Lumber Co., ante* p. 94.

The bill alleges that the boundary line between appellee and appellants is in dispute, and prays that such proper proceedings may be had and decrees entered as will establish the true boundary line between them.

The mere fact that boundaries are in controversy is not of itself sufficient to authorize the interference of equity; and upon such a showing the parties would be left to their rights and remedies at law. Courts of equity will not interpose to ascertain boundaries, unless, in addition to the naked confusion of the controverted boundaries there is suggested some peculiar equity, which has arisen from the conduct, situation, or relation of the parties. 3 Pom. Eq. Jur., sec. 1384; *Stuart's heirs* v. *Coalter*, 4 Rand. 74; *Lange* v. *Jones*, 5 Leigh 192.

It is contended that this is a bill for a discovery, and that a court of equity will, for that reason, retain the cause and give full relief. This position is not tenable. The bill alleges that the appellants have in their possession a deed and plat of the land owned by them which would show the true boundaries of said land, and prays that they may be required to produce and file the same with their answer.

There is no allegation that the deed called for is necessary

to establish the boundary line, on the contrary the allegation is made that appellee is well acquainted with the line and the courses and distances, having known them from boyhood.

Where the attempt is to enforce a legal demand in a court of equity, and the need of a discovery is the alleged ground of equity, and there is no averment that the discovery is material or necessary, the bill is demurrable. *Childress* v. *Morris*, 23 Gratt. 802; *March* v. *Davison*, 9 Paige's Ch. R., 580.

The bill further alleges that appellant is believed to be cutting timber across the line and on the land of appellee, and prays an injunction to restrain the further cutting of the same. It is insisted that this allegation is sufficient to justify the court in taking jurisdiction and giving full relief. A court of equity will restrain the unwarranted cutting of timber under a bill properly framed for that purpose. Under the allegation of this bill, however, the wrong, if any, complained of, is a mere trespass, susceptible of perfect pecuniary compensation, for which appellee could have obtained adequate satisfaction at law. Where a party comes into a court of equity alleging a good legal title, and asking for an injunction to restrain a trespass, he must charge that irreparable damage will result if the injunction is denied, setting forth the facts constituting such injury, or that the defendant is insolvent. Unless the bill contains one of these allegations it is fatally defective. *Western M. Co.* v. *Virginia C. Coal Co.*, 10 W. Va. 250. *Hamilton* v. *Ely*, 4 Gill (Md.), 34; High on Injunctions, secs. 697, 698, 699; *Cresop* v. *Kemble*, 26 W. Va 603.

The bill in this case is without equity, appellee's remedy being adequate and complete at law, and therefore this court has no jurisdiction to grant the relief asked.

For the foregoing reasons the decree appealed from must be reversed and the bill dismissed.

*Reversed.*