## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### CALLAWAY v. WEBSTER.

#### DECEMBER 13, 1900.

1. CHANCERY PLEADING AND PRACTICE—*Injunction—Irreparable Injury—Trespass—Disputed Boundaries.*—At the instance of a complainant in possession of land, with a clear title, or a *prima facie* title, a court of equity will enjoin a trespasser threatening irreparable injury, or often repeated trespasses. But even when there is a *prima facie* title, if it is developed by the pleadings and proof that the real controversy is a disputed boundary of land, the bill, as a rule, should be dismissed for want of jurisdiction, though, in urgent cases, the court may protect the property until the right can be determined at law.

2. IRREPARABLE INJURY.—An injury is said to be irreparable when it is grievous, or at least material, and not adequately reparable in damages.

3. INJUNCTIONS—*Trespass—Acts of Ownership.*—A court of equity will not enjoin a solvent defendant from committing acts, not amounting to waste, which are no more than acts of ownership by a rival claimant.

Appeal from a decree of the Circuit Court of Franklin county pronounced February 8, 1897, in a suit in chancery, wherein the appellee was the complainant, and the appellant and another were the defendants.

*Reversed.*

The opinion states the case.

*E. W. Saunders,* for the appellant.

*Dillard & Lee,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

It is well settled that an applicant in possession of land with a clear title, or a *prima facie* title, is entitled to an injunction against a trespasser, threatening irreparable injury, or often repeated trespass. But even in a case of a fair *prima facie* title, if it turns out from the evidence that the right of the applicant is in doubt, and the title and boundaries of the land are really in issue, such a controversy cannot be settled in equity, though the property, in an urgent case, may be protected by the injunction, until the question of right can be settled by a trial at law. *Manchester Cotton Mills* v. *Town of Manchester*, 25 Gratt. 825.

In *Miller* v. *Wills*, 95 Va. 337, it was also held that, although a court of equity will not, as a general rule, interpose to prevent a mere trespass, yet, if the act done or threatened would be destructive of the substance of the estate, or if repeated acts of wrong are done or threatened, or the injury is or would be irreparable, whenever the remedy at law is or would be inadequate, a court of equity will enjoin the perpetration of the wrong and prevent the injury. And where a court of equity has properly acquired jurisdiction of a case, it will, in order to prevent a multiplicity of suits, go on to do complete justice, though in doing so it has to try title, or settle boundaries and administer remedies which rightly pertain to courts of law.

But, "where a bill alleges matter for the jurisdiction of a court of equity (so that a demurrer will not lie), if it appears on the hearing that the allegations are false, and that such matter does not in fact exist, the result must be the same as if it had not been alleged, and the bill should be dismissed for want of jurisdiction." In other words, when it appears at the hearing of the cause, upon the pleadings and the proof offered, that the real object of the bill is to settle, in a court of chancery, a controverted boundary of lands, it should be dismissed for

want of jurisdiction. *Jones* v. *Bradshaw*, 16 Gratt. 361; *Boston B. Co.* v. *Carman L. Co.*, 94 Va. 94; *Collins* v. *Sutton, Ibid.*, 128; *Robinson* v. *Moses*, 1 Va. Sup. Ct. Rep. 557; 34 S. E. R. 48.

In the case at bar, the bill alleges title to the land in controversy; that the defendant recognized the boundaries of the plaintiff, except that line described in plaintiff's deed as beginning at a chestnut tree and running south 20 degrees, east 136 poles, to a white-oak stump in Peter's line; that the plaintiff had a fence extending the whole length of this line which protected her farm from the depredation of stock, and that she had flourishing crops on it; that the defendant had thrown out whole panels of this fence during the month before the filing of the bill, and had also sent a note to the plaintiff claiming the fence as hers (defendant's), and that she intended to move this fence, and, therefore, that the plaintiff had better build another fence to protect herself from the depredation of stock. The bill also charges continual acts of trespass, and that considerable damage had been done, and that irreparable injury would ensue unless the defendant be enjoined against the trespasses complained of; yet the bill upon its face admits the solvency of the defendant.

" By the term, 'irreparable injury' it is not meant that there must be no physical possibility of repairing the injury. All that is meant is that the injury would be a grievous one, or at least a material one, and not adequately reparable in damages." *Sanderlin* v. *Baxter*, 76 Va. 306.

The prayer of the bill is for an injunction, which was awarded, and for general relief.

A great deal of testimony was offered to show that the plaintiff had title to the land in controversy, and as to the location of the disputed line between the plaintiff and the defendant, which appears to have been in dispute for more than forty years; while, on the point of damages growing out of the alleged trespasses, the testimony is very meagre, and of a very unsatisfac-

tory and inconclusive character. The acts of trespass attempted to be shown are no more than acts of ownership by a rival claimant, which do not amount to waste. The plaintiff, Casper H. Webster, testifying in his own behalf, was not asked, nor does he testify, as to damage sustained by reason of the alleged trespasses, and so trivial were the damages testified to by the other witnesses that the decree of the court upon the merits of the cause makes no reference to them, but proceeds to a determination of the boundary of the land in controversy, locates the disputed line, and perpetuates the injunction restraining the defendant, her agents and all others from further trespassing on the land as complained of in the bill.

We are of opinion that the case is clearly one that should have been dismissed on the hearing, in the court below, for want of jurisdiction, and, therefore, the decree appealed from will be reversed and annulled, and this court will enter such decree as the Circuit Court should have entered, dismissing the bill.

*Reversed.*