# Wytheville.

### RAMEY V. COUNTS.

#### JUNE 23, 1904.

1. INJUNCTIONS—*Trespass—Plaintiff's Possession—Pending Action.*—
   Upon an application for an injunction to restrain a defendant from
   going upon land, or cutting timber thereon, the complainant must
   either allege that he is in possession, or state facts which show
   that he is entitled to an injunction without being in possession;
   or he must state that he has an action pending to recover posses-
   sion, or is about to institute such an action. It is not sufficient
   to allege simply that the complainant is the owner in fee of the
   land, and that irreparable injury will be inflicted by the defend-
   ant's acts.

Appeal from a decree of the Circuit Court of Wise county, in
a suit in chancery, wherein the appellant was the complainant,
and the appellee was the defendant.

<em>Affirmed.</em>

The opinion states the case.

*Bond & Bruce,* for the appellant.

*Bullitt & Kelly* and *Anderson & Anderson,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case alleges that the appellant, B. C. Ramey,
is the owner in fee simple of a valuable tract of land in Wise

county, containing about six or eight acres; that said land is covered with very valuable timber, and that recently the appellee, R. L. Counts, had gone on the land, and was then cutting and removing the timber therefrom; that he had already removed timber to the value of at least $250, and that unless he was enjoined and restrained from cutting and removing timber from the said land irreparable injury would result to the appellant. Following these brief allegations, the prayer of the bill is that the appellee and his agents and employees be enjoined and restrained from further going upon said land, or cutting and removing the timber therefrom; that judgment be given against the appellee for the value of the timber already removed, and that all such general relief be granted as to equity might seem proper.

In accordance with the prayer of the bill, an injunction was granted on the 5th of March, 1903, enjoining and restraining the appellee, his agents and employees, from going upon the tract of land mentioned in the bill, and from cutting and removing the timber, or otherwise trespassing thereon, until the further order of the court. Thereupon the appellee filed his demurrer to the bill, assigning, among others, the following grounds in support thereof: That the bill does not allege that the complainant is in possession of the land, and does not allege that he has brought an action of ejectment, or other possessory action, to obtain possession of the same; and does not allege that the defendant is not in possession thereof. On the 9th of April, 1903, the cause was heard upon the bill and demurrer, upon consideration whereof the court sustained the demurrer, and dissolved the injunction theretofore granted.

The sole question presented by this appeal is: Did the Circuit Court err in sustaining the demurrer to the bill?

The bill is very meagre with respect to the allegations usually made in such cases. Practically the only allegation is that

appellant is the fee simple owner of the land, and that irreparable injury will be done him unless the appellee is enjoined.

Upon an application for an injunction to restrain a defendant from going upon land or cutting timber thereon, the plaintiff must either allege that he is in possession, or allege a state of facts showing that he is entitled to the injunction without being in possession. Or he must allege that he has pending an action to recover possession, or is about to institute an action to recover such possession, in which latter case the court will enjoin until the right of possession is determined. *Daniel's Ch. Pr.,* p. 1632; *Freer* v. *Davis,* 52 W. Va. 1, 43 S. E. 164, 94 Am. St. 895; *Callaway* v. *Webster,* 98 Va. 790, 37 S. E. 276.

The rule that the plaintiff must allege possession in a case like this can work no delay or hardship, for if he is not in possession, and has the right of possession, he can immediately institute his action of ejectment to recover the possession and, under the authorities, base his right to an injunction upon the pendency of that proceeding in which the right of possession is to be determined.

Without undertaking to consider all of the grounds of demurrer relied on, we are of opinion that the failure of the appellant to allege that he was in possession of the land, or to allege any special circumstances showing his right to an injunction without being in possession, was sufficient to sustain the action of the lower court, and for this reason the decree appealed from must be affirmed.

*Affirmed.*