# Staunton.

## South & Western Railway Co. v. Virginia and Southwestern Railway Company.

### September 14, 1905.

1. INJUNCTION—*Irreparable Injury—How Charged.*—An injunction to prevent an irreparable injury will not be awarded upon a ·bill which merely sets out the pleader's conclusions. The bill must show how the irreparable injury apprehended is to arise, by giving a full and detailed statement of the facts and circumstances and the nature and condition of his property so as to enable the court to determine the necessity for the injunction.

2. INJUNCTION—*Threatened Cloud on Title—Inadequacy of Remedy· at Law.*— A bill to enjoin the imposition of an alleged cloud on complainant's title, and not the removal of an existing cloud, must show affirmatively, not only the cloud or the threatened acts which will impose it, but also the inadequacy of the remedy at law, for if the remedy at law is adequate, a court of equity will not interfere.

3. INJUNCTION—*Condemnation of Railroad—Adequacy of Remedy at Law.*—Injunction will not lie to prevent one railroad company from instituting proceedings to condemn a part of the right of way of another railroad company as the remedy of the latter company in the condemnation proceedings is full, adequate and complete.

4. EMINENT DOMAIN—*Railroads—Consent of State Corporation Commission—Injunction—Insufficient Charges of Bill.*—The failure of a railroad company to obtain the consent of the State Corporation Commission to condemn the lands of another railroad company, as required by Sec. 1105e, cl. 52, Code 1904, before entering thereon to make surveys preparatory to the institution of condemnation proceedings, cannot be relied on in support of an injunction granted on other grounds, where no such failure is charged in the bill.

Appeal from a decree in chancery of the Circuit Court of Scott county. Decree in favor of defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Archer A. Phlegar, R. T. Irvine* and *J. Norment Powell,* for the appellant.

*D. D. Hull, Jr.,* and *Bullitt & Kelly,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This appeal is from a decree dissolving an injunction and dismissing the plaintiff's bill, on demurrer, with costs.

The material allegations of the bill are that the plaintiff is a public service corporation, duly organized and existing under the laws of the State of Virginia, and holds the legal title to, and has possession of, a right of way consisting of a strip of land 66 feet in width, extending from a point near Clinchport, in Scott county, to a point near St. Paul, in Wise county, Virginia. Upon that right of way a road-bed has been located and graded, and is practically in condition for the laying down of ties and steel, and that plaintiff is proceeding to construct and maintain a railroad thereon as authorized by law; that the defendant, claiming to be a public service corporation, and its agents, had entered and are entering upon said strip of land at various points, and had commenced the making of surveys, and the location of a line of railroad upon the same, and had committed and is committing innumerable trespasses in and upon said strip of land; that the acts aforesaid had been undertaken and are being carried on by the defendant as the basis of condemnation proceedings to be instituted by it against said strip of land; that the plaintiff is a public service corporation possessing the powers of eminent domain, and, therefore, no surveys or locations can be made upon its property, and that any entry upon its property for that purpose is a trespass; that the defendant commenced the surveys and locations complained of within the last day or two, and is prosecuting the

same with two or more corps of engineers, and unless restrained (without the court requiring notice of the application for injunction) will complete the surveys and locations, and institute condemnation proceedings, which, if commenced, will constitute a cloud upon the title of the plaintiff, and inflict irreparable damage upon it; that the acts of the defendant in reference to said land are not being done in good faith for the purpose of building and operating a railroad, but are being done for the sole purpose of hindering and delaying the plaintiff in the construction of its line of road; that the defendant is not a corporation duly organized under the laws of the State of Virginia, and cannot exercise the powers of a public service corporation.

The prayer of the bill is that the defendant and its agents be enjoined and restrained from entering upon the plaintiff's property and from making or attempting to make surveys and locations for a railroad thereon, and from doing any act with reference thereto, and especially from instituting and prosecuting condemnation proceedings against said strip of land.

It is quite apparent that the feature of the bill which deals with the alleged invasion of the plaintiff's premises by the defendant, for the purpose of surveying and locating the route for a railroad along its right of way does not present a case for injunctive relief on the theory that irreparable damage will result from the acts complained of. The rule in such case is that, in invoking this extraordinary remedy, the facts and circumstances constituting the alleged grievance must be specifically set out in the bill for the court to determine whether, in a legal sense, the mischief is irreparable.

The principle is thus stated in the Encyclopaedia of Pleading and Practice: "A general allegation that the acts apprehended will be irreparable, unattended by such a statement of facts as will enable the court to see that such will be the result, is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must show how the irreparable

injury apprehended is to arise, by giving a full and detailed statement of the facts and circumstances, the nature and condition of his property, etc., so as to enable the court to determine the necessity for an injunction." 10 *Ency. of Pl. & Pr.,* 954; *Collins* v. *Sutton,* 94 Va. 127, 26 S. E. 415.

In this instance the bill does not charge physical injury or damage to the substance of the plaintiff's property, nor any physical obstruction or interference by the defendant in the prosecution of the work. Consequently these preliminary acts cannot *per se* inflict irreparable damage, and are but means to an end, which constitutes the *gravamen* of the complaint— namely, that the defendant intends to institute condemnation proceedings against a part of the plaintiff's right of way; which, it is said, will impose a cloud on the title to the property from which irreparable damage will result. So that, in its last analysis, the question presented by the bill for decision is, whether a court of equity ought, upon the case made, to enjoin the defendant from instituting and prosecuting the contemplated condemnation proceedings, and that depends upon whether such proceedings afford a plain, adequate, and complete remedy for the wrongs sought to be redressed.

The well established jurisdiction of courts of equity to remove clouds from the title of the true owner of property by cancelling an outstanding claim or encumbrance, which, if valid and subsisting, would affect or impair the title has no application to the facts of this case. The proceeding is really one to prevent the imposition of an alleged cloud upon plaintiff's title, rather than to remove an existing cloud. In that class of cases, the rule is that the bill must show affirmatively the cloud, or the threatened acts which will impose it, and also the inadequacy of the remedy at law. For where the remedy at law is adequate, a court of equity will not interfere. 17 Ency. Pl. & Pr., 343; *Otey* v. *Stuart,* 91 Va. 714, 716, 22 S. E. 513; *Va. Coal & I. Co.* v. *Kelly,* 93 Va. 332, 339, 24 S. E. 1020; *Sulphur Mines Co.* v. *Boswell,* 94 Va. 480, 484, 27 S. E. 24.

In condemnation proceedings, the rights of the owner of property sought to be condemned are amply safe-guarded by statute.

With respect to procedure, it is said:

"Although the tribunal which hears and determines the questions in condemnation proceedings has a special jurisdiction, and the proceedings are summary in their nature, yet the conduct of the proceedings is governed by the ordinary rules of law which obtain in the trial of civil cases, with such modifications as are required by the peculiar nature of the questions to be determined. The hearing should be commenced at the time designated in the notice; and if tried on a wrong theory it is reversible error. The right to institute condemnation proceedings may properly be determined on a motion to dismiss the same.

"As to the province of the court and jury, respectively, in condemnation proceedings, the ordinary rule in civil cases applies, questions of law being for the court, and those of fact for the jury or commissioners. It is for the court to determine the preliminary question of the right to condemn the land, or whether the use is a public one, while it is for the jury to determine the measure of compensation, or whether the use is temporary or permanent; and all questions of value and benefit." 15 Cyc. 863, *et seq.*

In *Chesapeake, etc., R. Co.* v. *Washington, etc., R. Co.,* 99 Va. 715, 40 S. E. 20, this court says: "It is not denied that, under some circumstances, unless expressly prohibited, one railroad company may condemn the land of another for its purposes, but it is denied that such circumstances existed in this case. It may be that this is true, but that was one of the questions involved in the condemnation proceedings." Again, at page 723: "The statute does not specifically provide what issues may be raised upon the motion to condemn, but it is unreasonable to say that the defendant must be notified when the motion to condemn his land will be made, and yet when he ap-

pears he cannot be heard to show that the plaintiff has no corporate existence, or that it has no authority to condemn the particular property for its use, or that it can only condemn upon certain conditions which have not been complied with, or under circumstances which do not exist. The policy of the law is to have all matters arising out of one controversy settled in a single suit, and this ought to be so, especially in a proceeding the effect of which is to take the defendant's land against his will and invest the plaintiff with the fee-simple title to it. If this be not the case, railroad companies would have no assurance that the steps taken by them to procure rights of way or property wanted for their purposes would conclude any one, and they would be constantly subject to vexatious litigation. This view is not only in accordance with the better reason, but is sustained by the weight of authority. See 2 Mills on Em. Dom. (2nd Ed.), secs. 388, 389, 391; *B. & O. R. Co.* v. *P. W. & Ky. R. Co.*, 17 W. Va. 844; *St. Joseph R. Co.* v. *Hannibal, etc., R. Co.* (Mo.), 6 S. W. 691; *Secombe* v. *R. Co.*, 23 Wall. 109, 119, 23 L. Ed. 67; 1 Red. on Railways (5th Ed.), 271."

It is obvious that every question raised by the bill touching the right of the defendant to condemn any part of the land in controversy can be determined in the condemnation proceedings; and the plaintiff having an adequate remedy at law, it follows, upon the principles adverted to, that a bill for injunction does not lie. Lewis on Em. Dom. (2nd Ed.), s. 646; 15 Cyc. 987; High on Injunctions, ss. 644, 645; 1 Beach on Injunctions, s. 581; *Waterloo Water Co.* v. *Hoxie* (Iowa), 56 N. W. 499.

The exceptions and qualifications to the rule, which find expression in the opinions of courts and text-writers, leave unimpaired the established general doctrine, prevailing in this jurisdiction, that courts of equity will not interpose by injunction where there is a plain, adequate, and complete remedy at law.

It was sought to bring the case within the influence of that line of authorities which hold that an injunction will lie to

prevent entry on property, or the contstruction of works, before complying with the law, or without authority of law, by insisting that the defendant had not obtained previous permission from the State Corporation Commission to condemn the property, as required by sec. 1105e, cl. 52 of Va. Code, 1904. But a non-complainance with that section is not charged in the bill, and the effect of the provision cannot, therefore, be considered.

There is no error in the decree appealed from, and it is affirmed.

*Affirmed.*