# Staunton.

## BLEDSOE v. ROBINETT.

September 13, 1906.

Absent, Keith, P.

1. EQUITY PLEADING—*Demurrer—Overruling by Implication.*—If a suit in equity is brought on to be heard on the bill and a demurrer thereto, and the relief prayed for by the bill is granted, the demurrer is impliedly overruled, though not expressly passed upon.

2. EQUITY—*Trespass—Injunction—Pleading.*—In ordinary cases of trespass the remedy at law is adequate and complete, and a resort cannot be had to a court of equity for relief by injunction, except under special circumstances. The complainant's pleadings ought, therefore, to make out a clear case for the equitable relief sought, for courts of law ought not to be ousted of their jurisdiction in doubtful cases, especially where, as in this case, the title to or boundaries of land are involved.

3. EQUITY PLEADING—*Bill to Restrain Trespass—Title—Necessary Averments.*—The complainant in a suit to restrain a trespass need not allege in his bill that his title is undisputed or has been adjudicated, but he must show a fair *prima facie* case in support of his title. It is not sufficient for him merely to allege that he is the owner of the land upon which the trespass is being committed. When he claims under a paper title, he should generally exhibit his title papers, or copies thereof, or such of them at least as will make out a *prima facie* case of title; if he relies on possession, he should state the facts upon which he bases his claim of possession, so that in either case the court can see from the title papers filed or the facts stated that he has a *prima facie* title. He should also set out the facts relied on to show that without equitable interference he will suffer irreparable injury, or that his remedy at law is not adequate and complete. Tested by these rules the bills filed in this case are demurrable.

4. EQUITY PLEADING—*Bill to Restrain Trespass—Irreparable Injury—*

*Insolvency of One Defendant.*—In a suit to restrain a trespass the bill must allege such facts as will show that the threatened injury is irreparable or that the remedy at law is inadequate. A bill to enjoin the cutting of timber on complainant's lands which contains no allegation showing that the timber on the land constitutes its chief value, or that it is essential to the enjoyment of the land, or how its removal would injure the inheritance, fails to show that the cutting of the timber would be an irreparable injury to the estate which could not be compensated in money; and so also an allegation that one of several defendants, joint trespassers, is insolvent is insufficient to show that the remedy at law is inadequate.

Appeal from a decree of the Circuit Court of Scott county. Decree in favor of complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*Hoge & Bailey, A. C. D. Maness,* for appellant.

*W. S. Cox, Richmond & Bond* and *R. F. McConnell,* for appellee.

Buchanan, J., delivered the opinion of the court.

This suit was instituted by the appellee to restrain the appellants from trespassing upon and cutting timber on land claimed by him, and to recover damages therefor.

There was a demurrer to the bill and to the amended bill, which, while not expressly passed upon, were impliedly overruled by the Circuit Court, since the case was brought on to be heard upon the demurrer, and the relief prayed for by the bills was granted. *Miller* v. *Black Rock Co.,* 99 Va. 747, 750, 40 S. E. 27, 86 Am. St. Rep. 924; *Miller* v. *Miller,* 92 Va. 196, 23 S. E. 232.

The overruling of the demurrer is the first error assigned.

The grounds of demurrer, in substance, are that the bills do not state a case which shows that the complainant has not a complete and adequate remedy at law, and because the allegations of the amended bill as to the complainant's title and ownership of the land are contradictory of and repugnant to the allegations of the original bill, which was sworn to.

In ordinary cases of trespass the remedy at law is adequate and complete, and a resort cannot be had to a court of equity for relief by injunction, except under special circumstances. The pleadings of the complainant ought, therefore, to make out a clear case for the equitable relief sought, for courts of law ought not to be ousted of their jurisdiction in doubtful cases, especially where the title to or the boundaries of land is involved, as is the fact in this case.

It is not necessary in this State for the complainant to allege that his title is undisputed or has been adjudicated, but he must show a fair *prima facie* case in support of his title. *Manchester Cotton Mills* v. *Manchester,* 25 Gratt. 825, 832; *Rakes* v. *Rustin Land, &c., Co.,* 2 Va. Dec. 156, 22 S. E. 498.

It is not sufficient for the complainant to allege that he is the owner of the land upon which the trespass is being committed, but he must set forth his title. Where he claims under a paper title he should generally exhibit his title papers, or copies thereof, or such of them at least as will make out a *prima facie* case of title. If he relies upon possession to make out his title he should state the facts upon which he bases his claim of possession so that the court can see from the title papers filed and the facts stated that he has a *prima facie* title. He ought not only to show a *prima facie* title to the land, but he should set out the facts relied on to show that without equitable interference he will suffer irreparable injury, or that his remedy at

law is not adequate and complete.  See *Ramey* v. *Counts,* 102 Va. 902, 47 S. E. 1006; *Collins* v. *Sutton,* 94 Va. 127, 129, 26 S. E. 415; *Flaherty* v. *Mills* (W. Va.), 38 S. E. 521, 523; *Saunders* v. *Baltimore, &c., Asso.,* 99 Va. 140, 145, and authorities cited; *Yancey* v. *Fenwick,* 4 H. & M. 423, 10 Ency. Pl. & Pr. 925-927.

Testing the bills in this case by these rules they are clearly demurrable.  In the original bill, which is made a part of the amended bill, the complainant alleges that he is the owner in fee of the tract of land trespassed upon; that it was formerly a part of his father's (Jesse Robinett's) estate, and in the partition thereof the land in controversy was assigned to the complainant, and refers to the report of partition, which it is alleged is of record in "Deed Book No. ——, page ——," in the clerk's office of the County Court of Scott county.  In his amended bill he alleges that there was a mistake in his original bill as to the manner in which he became the owner of the land; that he did not inherit it from his father, but acquired it as follows: "Jesse Robinett, who was the father of your orator, died seized and possessed of a large boundary of land, the tract in dispute being a portion thereof.  These lands were partitioned among his children in the year 1868, and the said tract, containing seventy-six acres, was a portion of a large tract assigned to James Robinett, who died shortly before or during the pendency of said partition suit without ever having issue; his widow died intestate, thus leaving his portion to your orator, Jefferson Robinett, E. M., F. S. and S. E. Robinson, children of Rebecca Robinson, deceased; Daniel Robinett, David J. Robinett, Joel Robinett, Samuel Robinett, Elizabeth Bledsoe and S. A. Blenner.  Some time after this it was ascertained that the share assigned Jefferson Robinett (who had died in the meanwhile) did not compare in quality with what was assigned the

other heirs, and by the consent and agreement of all the afore-said parties the seventy-six-acre tract of land was given them for purpose of equalization. After these heirs became of age they sold and conveyed said tract of land to your orator, and he also ob-tained a release in writing from his brother and sisters in pur-suance of the gift or assignment to the heirs of Jefferson Robi-nett, so that your orator is, as stated in the original bill, the owner of the said tract of land. . . ."

Both bills allege that the complainant and those under whom he claims have been in possession of the land for more than thirty years; but the original bill alleges that the land is wood-land and has never been enclosed. The complainant does not exhibit with either bill any of the title papers under which he claims, nor does he allege any fact that shows that he has ever had possession of the land.

The allegations of the bills as to the trespass complained of, the injury done and the inadequacy of the complainant's remedy at law, are as follows:

"Your orator alleges that in the month of March, 1901, Thomas L. Bledsoe and Clercy, his wife, began to claim this land, and went upon the same and cut and took therefrom a suite of house logs worth twenty-five dollars. Your orator says that there is much valuable timber on said land, and especially chestnut and black oak, valuable for tanning purposes. Re-cently the said Thomas L. Bledsoe and Clercy contracted and sold to one Caloway Roller one hundred and sixty dollars' worth of this timber, and are now cutting the same for the purpose of removing it, and unless enjoined and restrained by your honor, will cut and remove said timber, which will result in irre-parable injury to your orator. Your orator here alleges that the said Thomas L. Bledsoe is insolvent, and a judgment at law against him would be worthless."

There is no allegation in the bills which shows that the timber on the land constitutes its chief value, or that it is essential to the enjoyment of the land, or how its removal would injure the inheritance.  The house logs were cut before the injunction was asked for, and therefore furnished no ground for granting an injunction.  Whether or not cutting and removing one hundred and sixty-eight dollars' worth of chestnut and black oak trees, chiefly valuable for tanning purposes, from a seventy-six-acre tract of woodland is an irreparable injury to the estate, or one which cannot be compensated in money, would depend upon the circumstances of the particular case.  In order to warrant the granting of an injunction in such a case, the complainant, as the burden is on him, must allege such facts as will show that the injury is irreparable, or that the remedy at law is inadequate.  The mere fact that one of three joint trespassers is insolvent does not show that the remedy at law is inadequate.

We are of opinion, therefore, that the pleadings of the complainant did not state a case entitling him to the relief sought, and that the court erred in overruling the demurrer thereto.

The decree complained of must be reversed, the demurrer to the bills sustained, and the cause remanded to the Circuit Court for such further proceedings as may be proper in the case.

*Reversed.*