# Richmond.

## Deane v. Turner and Others.

### March 14, 1912.

1. Equity Jurisdiction—*Disputed Boundaries—Ejectment Bill.*—Courts of equity will not interpose to ascertain and ·determine boundaries, unless, in addition to the naked confusion of boundaries, there is suggested some peculiar equity, which has arisen from the conduct, situation, or relation of the parties. If, at the hearing, it appears from the pleading añd proof that the real object of a bill is to settle a disputed boundary, the bill should be dismissed for want of jurisdiction.

2. Injunctions—*Trespass—Irreparable Injury—Insolvency.*—When a party comes into a court of equity to restrain a trespass he must set forth the facts constituting the injury, and, allege at least the threatening of irreparable injury, or the insolvency of the defendant.

3. Injunctions—*Trespass—Disputed Title—Boundaries—Equity Jurisdiction.*—While a party in possession, with a clear title, or a *prima facie* title, is entitled to an injunction against a trespasser, threatening irreparable injury, or often repeated trespasses, if it turns out from the evidence that the right of the applicant is in doubt, and the title and boundaries of the land are really in issue, such a controversy cannot be settled in equity, though the property, in an urgent case, may be protected by injunction until the question of right can be settled by a trial at law.

Appeal from a decree of the Circuit Court of Greene county. Decree for the complainants. Defendant appeals.

*Reversed.*

The opinion states the case.

*John S. Chapman,* for the appellant.

*Charles A. Hammer,* for the appellees.

Harrison, J., delivered the opinion of the court.

It is manifest that the real object of this suit in equity is to settle a disputed boundary line. It is true that the bill alleges that the complainants have the legal title, are in possession, and that a cloud has been created upon their title by the recordation by the defendant of an old survey, recently discovered by him, which the court is asked to remove, thereby quieting complainants in their possession. But the bill, the answer, and the evidence all show that the only matter in controversy is the true location of the boundary line between the land of complainants and that of the defendant. The proof is directed alone to this controverted title, and the decree appealed from makes no reference to any other subject, and settles the controversy by determining the location of the disputed line in favor of the complainants and adversely to the earnest contention of the defendant.

In *Callaway* v. *Webster*, 98 Va. 790, 37 S. E. 276, it is said: "Where it appears at the hearing of the cause, upon the pleadings and the proof offered, that the real object of the bill is to settle, in a court of chancery, a controverted boundary of lands, it should be dismissed for want of jurisdiction."

For many years the law has been established by numerous decisions of this court that courts of equity will not interpose to ascertain and determine boundaries, unless, in addition to the naked confusion of the controverted boundaries, there is suggested some peculiar equity, which has arisen from the conduct, situation, or relation of the parties. *Collins* v. *Sutton*, 94 Va. 127, 26 S. E. 415; *Miller* v. *Wills*, 95 Va. 337, 28 S. E. 337; *Callaway* v. *Webster, supra.*

In the present case no peculiar equity appears to have arisen which would give the complainants the right to invoke the aid of a court of chancery. The bill alleges that the defendant has trespassed upon the wood-land of complainants, claiming title thereto, and is annoying, vexing, and disturbing them in the quiet and peaceable enjoyment of their land, and prays that he may be enjoined and restrained from such trespasses, and from making any further claims to the land. There are no facts set forth constituting the alleged trespass, nor is there any charge that irreparable damage will result if the injunction is denied, or that the defendant is insolvent.

When a party comes into a court of equity to restrain a trespass he must set forth the facts constituting the injury, and make at least one of the allegations mentioned, otherwise his bill will be fatally defective. *Collins* v. *Sutton, supra.*

In *Callaway* v. *Webster, supra,* citing *Manchester Cotton Mills* v. *Town of Manchester,* 25 Gratt. (66 Va.) 825, it is said to be well settled "that an applicant in possession of land, with a clear title, or a *prima facie* title, is entitled to an injunction against a trespasser, threatening irreparable injury, or often repeated trespass. But even in a case of a fair *prima facie* title, if it turns out from the evidence that the right of the applicant is in doubt, and the title and the boundaries of the land are really in issue, such a controversy cannot be settled in equity, though the property, in an urgent case, may be protected by the injunction until the question of right can be settled by a trial at law."

The answer of the defendant denies that the old plat and survey recorded by him is any cloud upon the complainants' title; that' the line of his land indicated on the plat complained of, with the proper variations added, is the identical description of the same line in the old deed under which he holds. The answer further denies that the defendant has ever trespassed upon the land of complainants; indeed, every material allegation of the bill is denied, and the issue squarely made, which involves alone the true location of the boundary line, which is left in doubt by the evidence.

Both by demurrer and answer the jurisdiction of a court of equity to take cognizance of the controversy is called in question, and we are of opinion that, for want of jurisdiction, the bill should have been dismissed on the hearing. The decree complained of must, therefore, be reversed, and this court will enter such decree as the circuit court ought to have entered, dismissing the bill.

*Reversed.*