## MRS. NETTIE J. RANSOM AND MARTHA E. RANSOM v. EASTERN COTTON OIL COMPANY.

(Filed 21 September, 1932.)

**Agriculture D b—Where landlord becomes responsible for supplies for crop and conforms to C. S., 2485 he has superior lien on crop.**

> Where a landlord makes arrangements with a bank to lend the tenant money for the purpose of making a crop, and which is used for that purpose, and the landlord signs the note therefor and receives from the tenant the latter's note as security, and the bank charges a commission which it deducts from the amount of the loan, but there is no evidence that the landlord received any interest or commission in lieu thereof, and the landlord pays the bank the amount of the loan at maturity: *Held,* the landlord acquires a lien on the crops for advancements which is superior to all other liens, and he may recover the amount thereof from a third person who acquired possession of the crops from the tenant under a crop lien if the value of the crops is sufficient therefor. C. S., 2355, 2485.

APPEAL by defendant from *Grady, J.,* at March Term, 1932, of HALIFAX. No error.

The plaintiffs, Mrs. Nettie J. Ransom and her daughter, Martha E. Ransom, are the owners of certain farm lands situate in Northampton County, North Carolina. These lands were leased by the plaintiffs for the year 1930, to W. P. Boone, who cultivated the same. On or about 19 February, 1930, the said W. P. Boone requested the plaintiffs to advance to him, in money, the sum of $1,500, to enable him to cultivate the said lands, and to harvest the crops grown thereon by him. Arrangements were made by the plaintiffs and the said W. P. Boone, by which the Bank of Littleton loaned to W. P. Boone the sum of $1,500, with Mrs. Nettie J. Ransom as surety. This loan was evidenced by a note for the sum of $1,500, payable to the Bank of Littleton, and signed by

7—203

Mrs. Nettie J. Ransom. This note was secured by a note for a like amount, payable to Mrs. Martha E. Ransom and signed by W. P. Boone. Both notes were signed on the same day, and were due on 1 December, 1930. Upon the delivery of both these notes to the Bank of Littleton, the said bank thereafter paid to W. P. Boone the sum of $1,350, retaining as commissions the sum of $150.00. At the maturity of the note payable to the Bank of Littleton, and signed by her, the plaintiff, Mrs. Nettie J. Ransom, paid the same. W. P. Boone paid to Mrs. Ransom, on 1 December, 1930, the sum of $30.09, and on 10 June, 1931, the sum of $225.36. Both these sums have been duly credited on the note payable to Mrs. Ransom, and signed by W. P. Boone. No other payments have been made on said note.

W. P. Boone delivered to the defendant, Eastern Cotton Oil Company, crops grown by him on the lands of the plaintiffs during the year 1930, of the value of $2,500. The said crops were delivered to the defendant by virtue of a crop lien executed by W. P. Boone to secure advances made by the defendant to him. This crop lien was duly recorded on 10 March, 1930.

On the foregoing facts shown by all the evidence, and found by the jury, there was judgment that plaintiffs recover of the defendant the sum of $1,500, with interest from 1 December, 1930, less the sum of $30.09 paid on 1 December, 1930, and the sum of $225.26, paid on 10 June, 1930, and the costs of the action. From this judgment, the defendant appealed to the Supreme Court.

*George C. Green for plaintiffs.*
*Ballard S. Gay for defendant.*

CONNOR, J. On the facts shown by all the evidence at the trial of this action, plaintiffs had a statutory lien on all the crops grown on their lands by W. P. Boone, during the year 1930, for the amount advanced by them to enable the said W. P. Boone to cultivate the said land (C. S., 2355), unless the plaintiffs failed to conform to the provisions of C. S., 2485, with respect to commissions charged in lieu of interest for such advances. There was no evidence tending to show that plaintiffs charged or received from their tenant, W. P. Boone, any sums as commissions on the advancement made to him by them. There was therefore no error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit, and in the instructions of the court to the jury. It was held in *Powell v. Perry*, 127 N. C., 22, 37 S. E., 276, that where a landlord either pays or becomes responsible for supplies to enable the tenant to make a crop, such supplies are advances for which the landlord

---

---

has a lien on the crops. This lien is superior to all other liens and as against a third party who had acquired possession of the crops the landlord is entitled to recover the amount due for the advancements, provided the value of the crops exceeds the amount due. The judgment is offirmed.

No error.