## Richmond

PENNSYLVANIA-LITTLE CREEK CORPORATION v.
THELMA P. COBB, ETC., ET AL.

June 10, 1974.

Record No. 730566.

Present, All the Justices.

*Robert E. Brown (Guy E. Daugherty; Howell, Anninos & Daugherty*, on brief), for plaintiff in error.

*David K. Sutelan; Joseph J. Lawler (George H. Heilig, Jr.; Ralph D. Katherman; Samuel I. White; John Y. Pearson, Jr.; Breeden, Howard & MacMillan; Kellam, Pickrell & Lawler; Jett, Berkley, Furr & Heilig; White & Marks; Willcox, Savage, Lawrence, Dickson & Spindle*, on brief), for defendants in error.

Carrico, J., delivered the opinion of the court.

This appeal involves a boundary-line dispute between Pennsylvania-Little Creek Corporation (hereinafter, Pennsylvania), which purports to be the owner of a 25-foot strip of land contiguous to the waters of Little Creek in the City of Norfolk, and the owners of certain other parcels of land, which

parcels are allegedly contiguous to the 25-foot strip. The dispute was reflected in two bills in equity for injunction and declaratory judgment filed in the trial court by Pennsylvania. The first bill named as defendants Thelma P. Cobb and others, owners of three parcels of land on the south shore of the Creek, and the second named as defendants John Edward Mordica and others, owners of four parcels on the north shore.

In its bills, Pennsylvania alleged that the defendant-owners of the seven parcels had deposited fill dirt, installed bulkheads, and erected piers upon its property. Pennsylvania prayed that the boundary lines between its 25-foot strip and the land of the defendants be fixed according to lines shown on certain plats appearing in the chains of title of the defendants' property. Pennsylvania also prayed that the defendants be enjoined and restrained from interfering with the use and enjoyment of its property.

After Pennsylvania's bills had been amended several times, they were consolidated by order of the trial court. The court then heard argument upon demurrers filed by the defendants. The court, in a letter opinion, ruled, *inter alia,* that Pennsylvania had an adequate remedy at law and that the allegations of its bills were "insufficient to constitute a cause of action for injunction." In a decree entered July 20, 1972, the court sustained the defendants' demurrers and, stating that Pennsylvania had "proceeded in equity when it should have proceeded at law," ordered the "matter" transferred to the law side of the court. The decree allowed Pennsylvania 30 days "in which to file such changes in, or amendments of, [its] pleadings as may be necessary to conform them to the proper practice." Code § 8-138.

Within the 30-day period prescribed by the decree of July 20, 1972, Pennsylvania lodged in the clerk's office seven motions for judgment, which dealt separately with each of the seven parcels of land involved. Four of the motions were filed under the ejectment statute, Code § 8-796, and three under the statute to establish boundary lines, Code § 8-836.

The defendants then filed motions to dismiss the "consolidated cases" on the ground that by filing "separate suits," Pennsylvania had failed to comply with the terms of the court's decree of July 20, 1972. The defendants' motions asserted that upon expiration of the 30-day period fixed by the decree, without

compliance by Pennsylvania, the court had lost jurisdiction "to proceed further" in "the transferred causes."

The trial court ruled that Pennsylvania had in fact failed to comply with the decree of July 20, 1972, and was, therefore, "barred from further prosecution of the consolidated case." A final order sustained the defendants' motions, dismissed the "cause" with prejudice, and entered final judgments for the defendants. Pennsylvania was granted a writ of error.

■ The first question to be decided is whether the trial court erred in sustaining the defendants' demurrers and in transferring the matter from the equity to the law side of the court. Resolution of this question depends upon the correctness of the trial court's basic rulings that Pennsylvania had an adequate remedy at law and had failed to state a cause for injunctive relief.

Pennsylvania concedes that the ejectment statute, Code § 8-796, and the boundary-line statute, Code § 8-836, are available to it as legal remedies. These remedies are inadequate, however, Pennsylvania argues, because it seeks in these proceedings not only to have its boundary lines established but also to enjoin the continuing trespasses by the defendants and to recover damages for those trespasses. The exercise of equity jurisdiction is proper, therefore, Pennsylvania asserts, to provide the necessary injunctive relief, to decide the questions of damages, title, and boundary, and to prevent the multiplicity of actions which would otherwise result if equitable jurisdiction is not invoked.

The difficulty with Pennsylvania's position is that its bills in equity merely set forth, as the trial court found, a case for the establishment of boundary lines. Aside from the fact that the bills contain prayers for injunctions, there are no allegations which, if proven, would entitle Pennsylvania to equitable relief. The bills, bare-boned as they are, do not allege that the acts of the defendants were unlawful or that they constituted trespasses, continuing or otherwise. Nor do the bills claim that the defendants' acts resulted in damage, irreparable or otherwise, or that they amounted to anything more than non-wasteful assertions of ownership by rival claimants to the property involved. *See Callaway* v. *Webster*, 98 Va. 790, 793, 37 S.E. 276, 277 (1900).

"The general rule is that in the absence of some peculiar equity arising out of the conduct, situation or relation of the

parties, a court of equity is without jurisdiction to settle disputes as to title and boundaries of land." *Patterson* v. *Saunders*, 194 Va. 607, 610, 74 S.E.2d 204, 206-07 (1953).

Pennsylvania has failed to show any "peculiar equity" which would entitle it to relief on the chancery side of the court. It has not made out a cause for injunctive relief, and it has raised little more than a specter that a multiplicity of actions would result from denial of equitable jurisdiction. It was not error, therefore, for the trial court to hold that Pennsylvania had an adequate remedy at law and to transfer the matter to the law side of the court.

This brings us to the remaining question to be decided, *viz.*, whether the trial court erred in its action dismissing with prejudice Pennsylvania's "cause" against the defendants. As has been noted, the trial court took this action because it was of the view that there had been a failure to comply with its decree of July 20, 1972, allowing Pennsylvania 30 days "in which to file such changes in, or amendments of, [its] pleadings as may be necessary to conform them to the proper practice." There was failure to comply, the court stated, because Pennsylvania, "rather than adhering to the language of the decree . . . elected to file seven new motions for judgment setting up separate issues and adding new parties." This, the court concluded, "unilaterally terminated the consolidation and, in addition, added new parties in contravention of Rule 3:14 of the Rules of Court."

In dismissing Pennsylvania's "cause," the trial court applied the doctrine stated in cases such as *Gimbert* v. *Norfolk Southern Railroad Company*, 152 Va. 684, 691, 148 S.E. 680, 683 (1929), *viz.*, that where a demurrer to a litigant's motion for judgment or bill of complaint is sustained with leave to amend upon certain terms and conditions and the litigant fails to amend or to comply with the terms and conditions, the sustaining of the demurrer becomes final and constitutes a bar to further proceedings upon the same cause against the same parties. We are of opinion, however, that this rule is inapplicable to the present case.

We express no opinion whether Pennsylvania's "seven new motions for judgment" sufficiently stated causes of action against the defendants. That question, involving matters of substance, is not before us. From a purely mechanical standpoint — which is all we are concerned with here — we hold

that Pennsylvania, by the course it followed in filing the seven motions for judgment, substantially and in good faith complied with the decree of July 20, 1972.

In each of the seven motions for judgment, filed within the time limit fixed by the court, Pennsylvania stated that it was proceeding pursuant to the decree entered in the consolidated cause on July 20, 1972. A letter from Pennsylvania's counsel to the clerk accompanied the motions for judgment. The letter was styled "Re" the consolidated cause and listed the names and docket numbers of the original cases. The body of the letter stated that the decree of July 20, 1972, had "necessitated" the filing of the motions and further stated that "since the filing fees were paid when the chancery causes were initiated," it was assumed "that there will be no further filing fee upon transfer."

Pennsylvania's actions, as we have said, constituted substantial compliance with the trial court's decree permitting amendment. This was sufficient to prevent dismissal with prejudice of Pennsylvania's "cause" against the defendants. If, in pursuing its adopted course, Pennsylvania had not, in the opinion of the trial court, fully adhered "to the language of the decree" allowing amendment, the court should have granted Pennsylvania's motion, made both orally and in writing, for leave "to permit the filing of further pleadings." Code § 8-119; Rule 1:8, Rules of Court.

For the reasons assigned, we affirm the action of the trial court in holding that Pennsylvania had an adequate remedy at law and in transferring the matter to the law side of the court, but reverse the order dismissing with prejudice Pennsylvania's "cause" and entering final judgments for the defendants. The matter will be remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Affirmed in part; reversed in part; and remanded.*