April 8.
Judge Cabell,
delivered the opinion of the court.†
The main question in this case, depends on the construction of the deed of trust of the 27th March, 1802, executed by Estill and wife, to Joseph Bell and others.
Where the commonwealth, having title to lands lying on both sides of a water-course not navigable, grants the lands lying on one side thereof, and bounded thereby, it is universally admitted, that such grant carries with it, the title to a moiety of the bed of the water-course. There can be no reason assigned, why this rule, so just in relation to grants by the commonwealth, should not equal/y apply to conveyances by individuals. If it be the wish of the grantor not to convey the bed of the stream or of any part thereof, it is easy for him to exclude it, by the use of words, proper for that purpose. In the absence of such words, the moiety of the bed of the stream, passes by the conveyance. On this principle the court is of opinion, that the moiety of the bed of the river, passed by the deed of trust aforesaid, and by the deed under which the appellee Bowman claims; and that the said appellee, had no right to resist the payment of the bonds given by him for the purchase money. The decree of the chancellor is therefore reversed, the injunctions dissolved, and the bill dismissed.

Judge Brooke absent.