## Richmond.

### SCHWALM V. BEARDSLEY.

January 17, 1907.

Absent, Cardwell, J.

1. DEEDS—*Description—Plats Annexed.*—Where a plat is referred to and made a part of a deed, the description therein contained is as much a part of the deed as if it were copied into it.

2. DEEDS—*Description—Plats—Party Walls*—If the owner of two city lots separated by a party wall conveys one of them to a purchaser, and, to the deed describing the lot by measurements, annexes a plat as a part thereof in which the dividing line between the lots is described as a "party wall," the purchaser takes title to one-half of the party wall and an easement for its support as a party wall in the other half, although the lot conveyed may be thus made a few inches wider than the deed calls for.

3. DEEDS—*Boundaries—Course and Distance.*—In surveys, course and distance yield to monuments, especially where called for in the deed.

4. INSTRUCTIONS—*Correct Verdict.*—It is unnecessary to consider the rulings of the trial court on instructions where no other verdict than that rendered by the jury could have been properly found upon correct instructions.

Error to a judgment of the Circuit Court of the city of Richmond in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Allen G. Collins,* for the plaintiff in error.

*Smith, Moncure & Gordon,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the Court.

The plaintiff in error, who was the plaintiff in the court below, instituted his action of ejectment to recover a strip of land twelve feet long and thirteen inches wide, upon which rests a party or division wall between the plaintiff and defendant, who are adjacent lot owners. The property of which the strip in controversy forms a part is located in the city of Richmond, and formerly belonged to James R. Trueheart, through whose children or heirs both parties claim. In March, 1878, the property was surveyed and a plat thereof made by Joseph I. Pleasants. That plat shows six tenements, numbered from two to seven, inclusive. The tenements three and four are described on the plat as having three-story brick stores on the front and kitchens on the rear of the lots, with yards between the stores and kitchens. The controversy in this case is as to the location of the line between lot No. 3, owned by the plaintiff, and lot No. 4, owned by the defendant, and the right of the defendant to use the wall extending from the storehouses to the kitchens as a party wall.

In the deed from Trueheart's children, dated April 11, 1878, under which the defendant derives title and which is prior in time to the deed under which the plaintiff claims, the property is described as "all that certain lot or parcel of land with a brick tenement thereon lying on the east side of Seventeenth street, between Walnut alley and Franklin street, now occupied by J. Vondelehr, fronting on Seventeenth street eighteen feet ten inches and running back between parallel lines sixty-eight feet two inches to an alley in common, with all the rights, privileges, easements and appurtenances unto the said lot and tenement appertaining, especially the right and privilege of using for full and free access and egress an alley in common, two feet five inches wide, running along the northern boundary of the said property, the right to build above and over the said alley, and that only being reserved to the property lying on the north of said alley, as at present enjoyed, so as not to interfere with its free use as an alley in common, the lot hereby conveyed being

lot No. 4 as laid off and designated on a plat of survey made by Joseph I. Pleasants, and hereto attached as a part of this deed." The description on the plat of Pleasants is therefore as much a part of the deed to lot No. 4 as if it were copied into the deed. *State Savings Bank* v. *Stewart,* 93 Va. 447, 25 S. E. 543. The division line between lots 3 and 4, as laid down on that plat, is described as a "party wall."

That wall, it is conceded, is a party wall between the storehouses on the front and between the kitchens on the rear of the lots, but it is claimed by the plaintiff that the wall, which was seven feet high and thirteen inches thick and in existence when the plat was made, is not a party wall, and that the entire wall, from the front to the rear of the lots, is upon his land. The contention of the defendant is that the conveyance under which he claims gives him title to the middle of the division wall, and that the wall in its entire length is a party wall.

It is well settled that where a grantor owns land on both sides of a non-navigable stream and grants land on one side of it and bounded thereby, his grant carries with it title to a moiety of the bed of the water course, unless a contrary intent is manifest from the grant or conveyance itself. *Hayes* v. *Bowman,* 1 Rand. 417, 420. This same rule of construction applies where the land conveyed is bounded by a wall.

Judge Gray, afterward Mr. Justice Gray of the Supreme Court of the United States, in discussing this question, in the case of the *City of Boston* v. *Richardson,* 13 Allen 146, 154-5, where the land was "bounded with the street," very clearly lays down the rule on the subject. "The general rule of construction," he says, "may be thus stated: Whenever land is described as bounded by other land, or by a building or structure, the name of which, according to its legal and ordinary meaning, includes the title in the land of which it has been made part, as a house, a mill, a wharf, or the like, the side of the land or structure referred to as a boundary is the limit of the grant; but when the boundary line is simply an object, whether natu-

ral or artificial, the name of which is used in ordinary speech as defining a boundary, and not as describing a title in fee, and which does not in its description or nature include the earth as far down as the grantor owns, and which has width, as in the case of a way, a river, a ditch, a wall, a fence, a tree, or a stake and stones, then the centre of the thing so running over or standing on the land is the boundary of the lot granted." See also *Warner* v. *Southworth,* 6 Conn. 471, 474, where the boundary called for was a ditch; *Warfel* v. *Knott,* 128 Pa. St. 528, 532, 18 Atl. 390, where the wall was a party wall.

The conveyance from the children or heirs of James R. Trueheart, under which the plaintiff derived title to lot No. 3, also refers to the plat of Joseph I. Pleasants. There is nothing in the conveyance of April 11, 1878, under which the defendant claims, which manifests any intention on the part of the grantors not to convey a moiety of the land upon which the party or division wall was built, except perhaps that the width of lot No. 4 may be a few inches wider than the deed calls for. It is by no means clear that this is so, but if it were it could not affect the construction of the deed, since nothing is better settled than that course and distance must yield to monuments, especially where called for in the deed. *Parsley* v. *English,* 5 Gratt. 141, 150, 151; *Reusens* v. *Lawson,* 91 Va. 226, 234, 21 S. E. 347.

Applying these rules of construction to the deeds under consideration it is clear that the true line between the plaintiff's lot and the defendant's lot is the middle of the party wall designated on the Pleasants plat.

It is well settled that where the owner of houses standing on adjoining lots, having a common wall between them standing in part on each lot, conveys one of such lots his grantee acquires title to one-half of the division wall and an easement for its support as a party wall in the other half, and the owner retains title to the other half although the conveyance is silent as to the rights of the parties in the wall, and if the lot retained by the grantor is afterward sold the same rights subsist between the

grantees.    See Jones on Easements, section 649 ; 22 Am. & Eng. Ency. L. (2d Ed.) 241, and cases cited; note to *Block* v. *Isham,* 92 Am. Dec. 287, 290; *Carleton* v. *Blake,* 152 Mass. 170, 25 N. E. 83, 23 Am. St. Rep. 818; *Brooks* v. *Curtis,* 50 N. Y. 639, 10 Am. Rep. 545.

But in the case under consideration the rights of the grantee in the deed of April 11, 1878, are not left to implication, but the division wall which extends the entire depth of lots 3 and 4 is described as a party wall, thus expressly creating it a party wall, not only so far as the buildings had then been erected on it, but also as to buildings which might thereafter be built on the division wall extending from the storehouses on the front to the kitchens on the rear of the lots.    This being so, it follows that the defendant had the right to erect any building on that part of the wall which could be erected without detriment to the strength of the wall or to the property of the plaintiff.

Having reached this conclusion in construing the conveyances of the children or heirs of James R. Trueheart, under which the parties respectively derive title, it is unnecessary to consider whether or not the court erred in giving or refusing instructions, as no other verdict than that which the jury rendered could have been properly found upon correct instructions.

We are of opinion, therefore, that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*