Opinion.

# Staunton.

## Durbin v. Roanoke Building Company and Others.

### September 10, 1908.

#### Absent, Keith, P.

1. EQUITY—*Bill of Review—After Discovered Evidence—When Not Cumulative.*—Newly discovered evidence tendered with a bill of review cannot be said to be cumulative when, upon the first hearing, there was no evidence at all upon the subject.

2. EQUITY—*Bill of Review—After Discovered Evidence—Essentials.* To entitle a party to a bill of review on the ground of after discovered evidence, the evidence must have been discovered since the rendition of the final decree, and it must appear that it could not have been discovered earlier by the exercise of reasonable diligence. It must be material and such as, if true, ought to produce, on another hearing, a different result on the merits, and must not be merely cumulative.

Appeal from a decree of the Corporation Court of the city of Roanoke. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Scott, Altizer & Watts* and *Dupuy & Whittle,* for the appellant.

*L. H. Cocke* and *Hart & Hart,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This is the second appearance of this case upon our docket. At the January term, 1908, an opinion was handed down affirming a final decree of the Corporation Court of the city of

Roanoke which was rendered at its April term, 1907. *Durbin v. Roanoke Building Co.,* 107 Va. 753, 60 S. E. 86. After that decision, and within one year of the date of the final decree thereby affirmed, the complainant in the court below, who was the appellant here, filed his bill in the corporation court, praying that the final decree, which was affirmed by this court, be reviewed and reversed.

The record of the original suit, as presented here, together with the opinion and decree of this court, are filed with the bill as a part thereof. The record shows that the object of the suit was to subject to the lien of appellant's judgment against the Roanoke Building Company and others, a narrow strip of land forming a portion of the northern half of Walnut street, lying immediately east of Jefferson street, as shown on a map of the Roanoke Land and Improvement Company, which is filed as an exhibit with the original bill. It further shows that the location of Walnut street was afterwards, and before dedication, changed so as to run in a more southerly direction, thus leaving the strip of land in controversy not occupied for street purposes.

The rights of the parties, as shown by the former decision of this court, turned upon the question, whether or not the change in the location of Walnut street was accomplished before February 3, 1891, the date of the deed from the Roanoke Building Company, the judgment debtor, to Joseph Ellis. This court held that there was no evidence establishing that fact, and that in the absence of evidence to the contrary, the street must be assumed to remain in its original location.

The bill of review was sworn to by the complainant, and, on being tendered, the corporation court refused leave to file it, upon the ground that the newly discovered evidence was cumulative.

The bill alleges that since the final decree and its affirmance, the complainant has discovered relevant and material evidence which shows that Walnut street was changed to its present

location prior to the 3rd day of February, 1891, the date of the deed from the Roanoke Building Company to Joseph Ellis. This allegation is clearly supported by the affidavit of a witness, filed with the bill as a part thereof, and, if true, it establishes the fact, the failure to establish which was made the sole ground for affirming the final decree which was adverse to the appellant. The newly discovered evidence, if true, ought, therefore, on a rehearing, to produce a different result on the merits.

The bill further alleges that the evidence now adduced could not have been discovered before by the exercise of reasonable diligence. This allegation is fully sustained by the affidavits of counsel, which show that the evidence was not discovered until the 18th of March, 1908, and could not have been discovered earlier by any degree of diligence; that extraordinary efforts were made, without success, to discover the same prior to the former hearing of the cause.

It was clearly error to refuse leave to file the bill of review upon the ground that the new evidence was cumulative. The former opinion of this court holds that there was no evidence tending to show that the change in the location of Walnut street had been made prior to February 3, 1901. When, upon the first hearing, there is no evidence at all, newly discovered evidence can hardly be said to be cumulative.

All of the requisites of a bill of review are found in the bill of the appellant—(1) The evidence was discovered after the final decree was rendered and affirmed; (2) it could not have been discovered before by the exercise of reasonable diligence; (3) it is material, and such as, if true, ought to produce, on another hearing, a different result on the merits; and (4) it is not merely cumulative. A bill founded on after discovered evidence, with the requisites stated, entitles the complainant to a rehearing. *Connolly* v. *Connolly, &c.,* 32 Gratt. 657.

The decree appealed from is erroneous, and must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*