# Staunton.

## BECKER v. JOHNSON AND OTHERS.

September 15, 1910.

Absent, Cardwell, J.

1. EQUITY—*Bill of Review—After-Discovered Evidence—Case in Judgment.*—If a bill of review for after-discovered evidence is sworn to by the plaintiff, and tenders the affidavit of the witness who is to testify to the new matter, and it appears that the evidence is new and could not have been discovered by the use of ordinary dilligence in time for the former trial, and is relevant to the issues made by the pleading and such as, if true, ought to produce a different result on a rehearing of the case, it complies with the rule of practice of courts of chancery with respect to such bills, and leave should be granted to file it. In the case in judgment, prior to the hearing the witness declined to give any information on the subject although applied to by counsel for the complainant, but, after the decree was entered, furnished the affidavit filed with the bill of review.

2. FRAUD—*Sale of Stocks—Misrepresentation as to Other Sales.*—A sale of stock in a corporation, induced by fraudulent representations by the seller of other sales, at the same price, to designated influential and prosperous citizens of the same city as the purchaser, will be set aside at the instance of the purchaser who knew nothing of the existence of the company, or of the value of its stock.

3. EQUITY—*Discovery—Effect of Answer.*—If a bill calls for an answer under oath, and an answer under oath responsive thereto is filed, it furnishes evidence for the defendant and will be taken as true unless overcome by the testimony of two witnesses, or of one witness and corroborating circumstances, or by documentary evidence. This rule, however, is satisfied where a bill of review for after-discovered evidence is sworn to by the complainant and accompanied by the affidavit of a witness that he will testify to the material allegations of the original bill.

Appeal from a decree of the Corporation Court of the city of Roanoke. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*A. B. Hunt,* for the appellant.

*Price & Kyle* and *S. H. Graves,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This suit was brought by the appellant, Becker, to rescind the sale of twenty shares of stock in the Universal Spring Motor Corporation and cancel four negotiable notes made by him for the purchase price thereof, on the ground that the sale was procured by false representations fraudulently made to the plaintiff by the appellee, Johnson. Upon the allegation that the notes in question had been placed in the custody of S. H. Graves and subsequently transferred to Tatum, Davis and Adams, those parties were impleaded along with Johnson. Graves disclaimed all interest in or possession of the notes, but the other defendants asserted ownership of them as holders in due course.

The material allegations of the bill on the main features of the case are in substance, that the defendant, Johnson, sold to the plaintiff the twenty shares of stock for $1,200, taking his four negotiable notes therefor; that, as an inducement to the purchase, Johnson represented (among other matters not necessary to be mentioned) that A. E. King, an influential and prosperous citizen of Roanoke had subscribed for one hundred shares of the stock at the reduced price at which it was offered to the plaintiff, and had actually paid $2,000 on his purchase; that he moreover represented that S. H. Hieronimous, another influential and prosperous citizen,

had likewise subscribed for twenty-five shares of the stock; that the plaintiff knew nothing of the existence of any such company as the Universal Spring Motor Corporation, or of its organization and objects or the value of the stock, but relied and acted solely upon the representations of Johnson, which constituted the inducement to the purchase; and that the representations in both instances were false and made with intent to deceive and mislead the plaintiff and induce him to purchase stock which was worthless.

The bill called for an answer under oath, and Johnson filed his answer denying the allegations of the bill, and averring that his co-defendants were *bona fide* transferrees for value of the notes.

The depositions of the plaintiff and King were taken, and the charge in the bill as to the alleged false representations of Johnson of the sale of one hundred shares of stock to the latter was substantially proved. But the plaintiff, after diligent effort failed to discover evidence to establish the untruth of the representation touching the sale of the twenty-five shares to Hieronimous.

In this state of the proof, the case came on to be heard, and the court was of opinion that the allegations of the bill were not sustained; that Johnson was the *bona fide* holder of the plaintiff's notes on June 18, 1908; and, establishing the titles of his respective transferrees, passed the decree complained of dismissing the bill with costs.

Shortly thereafter and within the time prescribed by statute, the plaintiff presented a bill of review for newly-discovered evidence, and moved the court for leave to file the same and to reinstate the original case on the docket. This motion the court overruled, and from that order and the former decree dismissing the original bill, this appeal was allowed.

The allegation of the bill of review, with respect to the newly-discovered evidence, is substantially as follows: That

prior to the hearing of the case the plaintiff had used due diligence to obtain evidence of the falsity of Johnson's representation that Hieronimous had purchased twenty-five shares of the stock at the price at which he was offering it to the plaintiff, and to that end sent his attorney to Hieronimous to ascertain the facts, but without avail, as he positively declined to furnish any information on the subject; that since the entry of the decree Hieronimous had voluntarily made the affidavit exhibited with the bill of review, to the effect that he did not own a single share of stock in the Universal Spring Motor Corporation, and had never at any time subscribed for any of the stock of that company, either in his own name or in the name of anyone else; that he at one time made a partial agreement with Arthur Seibert by which they conditionally agreed between themselves that they would take some of the stock, but afterwards determined not to do so; and that he had never made an agreement with any agent or representative of the company to subscribe for stock; that when he was first approached by counsel for the plaintiff to ascertain if he was a subscriber he did not see fit to furnish any information on the subject; but that since he and Seibert had agreed between themselves not to become subscribers he had no hesitancy in disclosing the real facts.

This bill of review complies with the rule of practice of courts of chancery with respect to such bills; it is sworn to by the plaintiff and sustained by the affidavit of Hieronimous. The evidence relied on is new, and could not have been discovered by the use of ordinary diligence in time for the former trial; and it is relevant to a distinct charge of misrepresentation in the bill and is such, as, if true, ought to produce a different result on a rehearing of the case. *Durbin* v. *Roanoke Building Co.*, 108 Va., 468, 62 S. E. 399; *Campbell's Ex'ors* v. *Campbell's Ex'or*, 22 Gratt. (Va. Rep. Ann.), 649, 696.

The appellant, by his counsel, in good faith made inquiry of Hieronimous to ascertain, if possible, the facts concerning the representation touching his ownership of the stock, but without success. He did all that reasonable diligence could demand in that behalf; and that satisfied the rule of practice, which only imposes the duty upon the applicant for a new trial of exercising ordinary (*not extraordinary*) effort in the search for evidence bearing upon the matter under in-investigation. 29 Cyc. 892.

It is obvious that the corporation court was of opinion that the evidence of the plaintiff was not sufficient to satisfy the rule that when the bill calls for an answer under oath and an answer under oath responsive thereto is filed it furnishes evidence for the defendant and will be taken as true unless overcome by the testimony of two witnesses or of one witness and corroborating circumstances or by documentary evidence. *Coldiron* v. *Ashville Shoe Co.*, 93 Va. 364, 25 S. E. 238. This rule of practice, however, is answered by the affidavit of Hieronimous, which shows that he stands prepared to testify to the falsity of Johnson's representation that he had subscribed for twenty-five shares of stock.

For these reasons, we are of opinion that the corporation court errer in denying the plaintiff leave to file his bill of review, and for that error the order of refusal must be reversed and annulled, and the case remanded for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*