## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### Moorman and Hurt v. City of Lynchburg.

January 18, 1912.

Absent, Cardwell, J.

1.  Municipal Corporations—*Obstructing Streets—Injunction—Claim of Title to Street—Jury Trial.*—Parties having a *bona fide* claim of title to land embraced in a city street have a right to a trial by jury to settle their claim, and cannot be deprived thereof by a mandatory injunction to remove obstructions from the street.

2.  Municipal Corporations—*Title to Streets—Obstructions—Injunction to Remove.*—Where a city has made out at least a *prima facie* title to a street by plat dedication from the owner of the land, accompanied by sales of lots and user, and subsequent recognition of and acqui-escence in the city's claim to and improvement of the street by the grantor and his alienees, a court of equity may, on a bill filed for that purpose by the city, compel the removal of obstructions from the street by mandatory injunction against an adjacent owner, whose deed describes his lot by the street line, and thus excludes the street from his grant, and who has no *bona fide* title to the street.

Appeal from a decree of the Corporation Court of the city of Lynchburg. Decree for the complainant. Defendants appeal.

*Affirmed.*

*Coleman, Easley & Coleman,* for the appellants.

*Wilson & Manson,* for the appellees.

Whittle, J., delivered the opinion of the court.

The appellee, the city of Lynchburg, filed its bill against the appellants, Winnington W. Moorman and William Hurt, praying for a mandatory injunction to compel the defendants to remove

certain obstructions alleged to have been placed by them in Miller and Knight streets, and also to establish those streets as indicated on the "Miller Map," exhibited with the bill.

The defendants, by demurrer and answer, denied the jurisdiction of a court of equity to take cognizance of the controversy, and controverted the proposition that the streets in question were ever dedicated by Mrs. Miller (the former owner) or accepted by the city. They insisted that they were the owners of the land included in the streets, that the litigation involved a *bona fide* claim of title to land, and that the determination of that issue ought to have been submitted to a jury. *Manchester Cotton Mills* v. *Manchester*, 25 Gratt. (66 Va.) 825; *Collins* v. *Sutton*, 94 Va. 127, 26 S. E. 415; *Miller* v. *Wills*, 95 Va. 337, 28 S. E. 337; *Calloway* v. *Webster*, 98 Va. 790, 37 S. E. 276.

From decrees granting the city the relief prayed for, this appeal was allowed.

The crucial question for our determination is whether the appellants have made good the pretension that they have a *bona fide* claim of title to the land embraced in these streets. If they have, then their right to a trial by jury is clear, under the authorities cited. But if they have shown no such *bona fide* claim, they are neither in position to demand such trial, nor to question the right of the city to proceed with its work. In the latter case, they would be bare trespassers, who had precipitated a controversy which did not concern them.

We are of opinion that the city has, at least, made out a *prima facie* title to the streets in question, by plat dedication from Mrs. Miller in 1886, accompanied by sale of lots and user, and subsequent recognition of and acquiescence in the city's claim to and improvement of these streets by the heirs of Mrs. Miller and their alienees. *City of Richmond* v. *Stokes*, 31 Gratt. (72 Va.) 713; Elliott on Streets and Roads (3d ed.), sec. 129; *Campbell* v. *City of Elkins*, 58 W. Va. 308, 52 S. E. 220, 2 L. R. A. (N. S.) 159.

The lots on the "Miller Map" contiguous to Miller and Knight streets, both in the deeds from Mrs. Miller and her children and their grantees, have always been described by calls for the street lines, and Knight street had for years been marked by a well-defined traveled way, and used by the public at will. The city's

right to these streets, as thus acquired, was never drawn in question by Mrs. Miller in her lifetime, or by her heirs since her death.

The case of *Manchester Cotton Mills* v. *Manchester, supra,* is chiefly relied on by the appellants to maintain their contention. A comparison of the facts of that case with those of the instant case will show that in essentials they are wholly dissimilar. In the former case, the city of Manchester undertook to remove three brick tenements, held by the cotton mills, which the city claimed encroached upon a public street. The cotton mills and those under whom they claimed, had been in possession of the houses for more than twenty years, and had title to the land much longer. The city contended that the ground in controversy had been dedicated as a street by a former owner, and it was conceded that, unless there was a dedication, the plaintiffs had a clear legal title to the premises. In these circumstances, the court enjoined the city from removing the buildings until the rights of the parties could be settled by a trial at law.

In the present case, the appellants claim title to their holdings immediately through Mrs. Miller, and it affirmatively appears that they have never bought or paid for, or obtained title to or possession of, the land included in the streets, and have no interest therein, save in common with the general public. The conveyances by which Moorman acquired his property all describe the lots conveyed by the street lines, and thus exclude the streets from the grants to him. And Moorman conveyed a one-half interest in his holdings to Hurt. Moreover, the streets were never obstructed until the city began the construction of sewers, and only a short time before the institution of this suit. It plainly appears, therefore, that there is no such *bona fide* assertion of title to the streets on the part of the appellants as should entitle them to a trial by jury, or deprive a court of equity of its undoubted jurisdiction to compel the removal of the obstructions complained of by mandatory injunction. *Sanderlin* v. *Baxter,* 76 Va. 305, 44 Am. Rep. 165; *Spilling* v. *Hutcheson,* 111 Va. 179, 68 S. E. 250; *Williams* v. *Green,* 111 Va. 205, 68 S. E. 253; *Chambers* v. *Roanoke, &c., Ass'n,* 111 Va. 254, 257, 68 S. E. 980; *Buffalo* v. *Harling,* 50 Minn. 551, 52 N. W. 931; *Eau Claire* v. *Matzeke,* 86 Wis. 291, 56 N. W. 874, 39 Am. St. 900; *Burlington* v. *Schwarzman,* 52 Conn.

181, 52 Am. Rep. 573; *Madison* v. *Mayers,* 97 Wis. 399, 73 N. W. 43, 40 L. R. A. 635, 65 Am. St. Rep. 127; *Pewaukee* v. *Savoy,* 103 Wis. 271, 79 N. W. 436, 74 Am. St. 864, 50 L. R. A. 864.

Of course, this litigation in no wise affects the ultimate right of an abutting owner on a street to one-half of the land occupied by such street, in the event of its discontinuance. *Schwalm* v. *Beardsley,* 106 Va. 407, 56 S. E. 135; *Durbin* v. *Roanoke Building Co.,* 107 Va. 753, 60 S. E. 86.

Upon these considerations, the decrees appealed from are affirmed.

*Affirmed.*