# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## C. N. FRANCIS AND OTHERS v. HONORABLE JAMES L. McLEMORE, JUDGE OF THE SECOND JUDICIAL CIRCUIT, AND OTHERS.

### March 19, 1925.

Case submitted for decision before Judge Kelly qualified.

1. PARTITION—*Affirmance of Partition Decrees—Motion to Correct Decrees after Affirmance—"Answer or Defense"—Section 6122 Code of 1919—Case at Bar.*—In the instant case defendants in partition suits in which decrees were entered for sale for partition of two tracts of land, after affirmance of the decrees by the Supreme Court of Appeals, moved the lower court to correct errors in the description of the land ordered and decreed to be sold, alleging that it appeared from the record and decrees in the first suit that the land as described in the decrees included more than 800 acres, whereas there were only 330 acres belonging to that tract, and that the bill and decree in the second suit stated that the acreage of that tract was 357 acres, whereas the decree of sale described the tract as containing 645 acres.

   *Held:* That the motion of defendants to have the boundaries of the two tracts of land ascertained is not such an "answer or defense" as is contemplated by section 6122 of the Code of 1919, which requires such "answer or defense" to be made within six months from the time defendants were served with process, but is more in nature of exception to the report of sale.

2. JUDICIAL SALES—*Duty of Court to Protect Purchaser from Fraud—Sale of Land which Court has no Power to Sell.*—While a court never warrants the title to land sold under its decree, it is incumbent on the court to see that a fraud is not practiced upon a purchaser at a judicial sale by selling him land which the court has no power to sell.

3. PARTITION—*Sale—Correction of Decrees as to Boundaries after Affirmance—Rights of Parties not Changed—Case at Bar.*—After the affirmance of decrees in partition suits ordering the sale of two tracts of land the lower court, on motion of defendants to correct errors in the description of the land ordered sold, entered two decrees appointing a commissioner to ascertain the true and correct boundaries of the tracts ordered sold. The effect of these decrees was not to change

in any way the rights of the parties in the tracts. Their rights in these two tracts of land have been determined and fixed. The only effect of the decrees is to ascertain the true boundaries and the correct acreage, so that the same may be correctly stated. This the court had a right to order at the expense of the defendants.

4. APPEAL AND ERROR—*Final Decrees—Decrees Ordering Sale for Partition.*—Decrees ordering the sale of land for partition are final in the sense that they determine the rights of the parties, but are interlocutory as to those matters necessary to carry the decrees into effect. Such for example as ascertaining the boundaries of the land to be sold.

5. EQUITY—*Correction of Decrees after Affirmance.*—While the lower courts have no power to review and alter the solemn judgments of the Supreme Court of Appeals, it has never been held that a court of chancery is without jurisdiction in any case to correct an error, especially when not to do so would amount to a fraud.

6. BILL OF REVIEW—*Decree Affirmed by the Supreme Court of Appeals—Error Apparent on the Record—After-Discovered Evidence.*—If the final decree sought to be reviewed has been affirmed by the Court of Appeals, its judgment is final, and no bill of review lies thereto on the ground of error apparent on the face of the record. If, however, the bill of review is based upon the ground of after-discovered evidence, it may be filed within the time prescribed by statute, notwithstanding the decree sought to be reviewed has been affirmed by the Court of Appeals.

Petitions for writs of prohibition.

*Writs denied.*

The opinion states the case.

*E. R. F. Wells* and *Barron F. Black,* for the petitioners.

*John N. Sebrell, Jr.,* for the respondents.

CAMPBELL, J., delivered the opinion of the court.

These are original applications for writs of prohibition in two separate cases, but as the essential facts are the same and the principle of law involved is identical, the two applications will be disposed of in one opinion.

Briefly stated, the pertinent facts are as follows:

In September, 1921, the petitioners instituted their suits against certain defendants, including the defendants named in these petitions: The object of these suits was to construe the will of Nathaniel Francis, and to declare that the plaintiffs were tenants in common with the defendants of certain lands lying in Southampton county, and asking that the said lands be divided in kind, and, if not divisible in kind, be sold for partition. Upon a hearing of the causes, the circuit court did construe the will of Nathaniel Francis, and decreed a sale for partition of the two tracts of land involved in the suits, known as the "Salathiel Francis tract" and the "Woodard tract." From the decrees entered there were appeals prosecuted in this court, with the result that the judgments of the circuit court were affirmed and the causes remanded to the trial court, for the purpose of carrying the decrees into execution.

On October 22, 1924, George Gray, Willard M. Ricks, W. Herbert Britt and W. T. Barnes, defendants in the suit involving the "Salathiel Francis tract," appeared and "moved the court to correct errors in the description of the land ordered and decreed to be sold in this cause by decrees entered on the 26th day of May, 1922, and the 12th day of July, 1922, it appearing from said decrees and the record in this suit that the boundaries of the land as described in said decrees include more than eight hundred (800) acres, whereas there were only three hundred and thirty (330) acres of land belonging to the Francis tract, and that the said decrees therefore erroneously direct and order the sale of over four hundred (400) acres of land which belong to the said parties, and in which the plaintiffs in said action have no interest whatsoever."

A similar motion was entered by Emma Smith and R. C. Smith to correct errors apparent in the decree directing the sale of the "Woodard place," it being alleged that the decree directed the sale of 645 acres, whereas there were only 357 acres of land belonging to the Woodard tract, and that the said decrees therefore erroneously direct and order the sale of 288 acres of land which belong to the said parties.

Petitioners opposed the granting of these motions, but the court overruled the objections and entered two decrees, appointing a commissioner to ascertain the true and correct boundaries and descriptions of the "Francis" and "Woodard" tracts of land, as it appeared to the court that there might be errors in the descriptions of the boundaries of the lands mentioned.

That there is a mistake as to the number of acres of land decreed to be sold in the "Woodard" decree is evident. The bill alleges, and the decree entered in regard thereto states, that the acreage of this tract is 357½ acres, while the description given in the decree of the subdivisions indicate very much larger acreage.

Four grounds are alleged in the petition in support of the issuance of the writ, as follows:

"1. Because said moving parties are defendants in this cause and made no appearance herein until long after the expiration of six months from the time they were served with process, and, therefore, under section 6122, Virginia Code, they can make no defense whatsoever to the suit.

"2. Because the decree of this court, rendered in this cause on May 26, 1922, which was affirmed on appeal by a decree of the Supreme Court of Appeals of Virginia, rendered on June 12, 1924, is conclusive and binding on said parties, and this court has no power or jurisdiction to reopen or set aside said decree in whole or in part.

"3. Because a motion is not the proper method to obtain a rehearing of a decree of court.

"4. Because the evidence on which the court based the decree of May 26, 1922, is ample and sufficient to sustain the decree.

[1] Without undertaking to discuss each assignment in detail, we are of the opinion that the motion of defendants to have the boundaries of the two tracts of land ascertained, is not such an "answer or defense" as is contemplated by section 6122 of the Code of 1919. It is more in the nature of an exception to a report of sale.

In the latter case the exception would be that the commissioner had sold land which was not included in the boundaries of land directed to be sold; while, in the instant case, the allegation is that the court has decreed land to be sold which is not embraced in the description of the lands in controversy.

[2] While a court never warrants the title to land sold under its decree, it is incumbent on the court to see that a fraud is not practiced upon a purchaser at a judicial sale, by selling him land which the court has no power to sell.

[3] The effect of the decrees is not to change in any way, whatever, the rights of the parties in the "Salathiel Francis" or the "Woodard" tracts of land. Their rights in these two tracts of land have been determined and fixed. The only effect of the decrees is to ascertain the true boundaries and the correct acreage, so that the same may be correctly stated. This the court has ordered to be done at the expense of the defendants.

[4] We are of the opinion that the decrees affirmed by this court in the causes 1 and 2 of *Gray and Others* v. *Francis and Others*, 139 Va. 365, 124 S. E. 451, are final in the sense that they determine the rights of the parties, but are interlocutory as to those matters necessary to carry said decrees into effect.

[5] This holding is not intended in any degree to contravene the doctrine aid down by Judge Tucker in *Price* v. *Campbell*, 5 Call (9 Va.) 115, wherein it is said: "For I cannot conceive of anything more inconvenient to society than a power in the courts below to reverse and alter the solemn judgments of the Supreme tribunal, as controversies would then be perpetual, and suits become interminable." Nor is it intended to impinge upon the rule stated in *Campbell* v. *Campbell*, 22 Gratt. (63 Va.) 649; *Woodson* v. *Leyburn*, 83 Va. 843, 3 S. E. 873, and *Lore* v. *Hash*, 89 Va. 277, 15 S. E. 549. Upon a careful reading of these cases we do not think they support the contention that they are conclusive of the question that the court is without jurisdiction in the instant case. It has never been held, so far as our investigation leads us to believe, that a court of chancery is without jurisdiction in any case to correct an error, especially when not to do so would amount to a fraud. On the contrary this court held in *Durbin* v. *Roanoke*, 108 Va. 468, 62 S. E. 339, that a bill of review would lie to correct a decree, even though affirmed by the Supreme Court of Appeals, where the relief sought is based upon after-discovered evidence. Had a bill of review been filed in this case which met all the requirements of the law as to after-discovered evidence, there is no question that the chancery court had jurisdiction to entertain the same.

[6] In discussing this question in his work, Notes on Equity Procedure, Judge Burks, at page 98, says: "If the final decree sought to be reviewed has been affirmed by the Court of Appeals, its judgment is final, and no bill of review lies thereto on the ground of error apparent on the face of the record. If, however, the bill of review is based upon the ground of after-discovered evidence, it may be filed within the time prescribed by

statute, notwithstanding the decree sought to be reviewed has been affirmed by the Court of Appeals."

The writ of prohibition will be denied.

*Denied.*