# Richmond.

## H. E. Riggsby v. Helen Parrish Tritton and A. F. Franklin.

### June 24, 1926.

1. Appeal and Error—*Costs—Awarded Against Two Defendants, when Appellate Court Found in Favor of One of Them.*—An order of an appellate court, remanding the cause for a new trial and adjudging that the plaintiff in error should recover his costs against both defendants in error, expended by him about the prosecution of his writ of error and supersedeas, is erroneous where the jury found in favor of one of the defendants in error and the finding was approved by the lower court and the appellate court. The use of the words defendants in error instead of defendant in error by the appellate court in its mandate was a mere inadvertence, and had the matter been brought to the attention of the appellate court in time the mandate would have been amended.

2. Appeal and Error—*Amendment of Mandate by Appellate Court after Expiration of Period for Rehearing.*—An appellate court is without power to amend or correct its mandate after the term at which it was rendered, and the time for a rehearing has expired.

3. Appeal and Error—*Mandate—Correction by Lower Court—Case at Bar.*—While the appellate court cannot amend its mandate after the expiration of the period for a rehearing, and it is not competent for the lower court to amend the mandate, yet it, the lower court, may construe the mandate and declare its meaning. Thus when the mandate and opinion, read together, clearly show that the judgment of the appellate court for costs should have been against one of the defendants in error only, the lower court may award such costs solely against this defendant in error, notwithstanding the fact that the mandate, clearly by inadvertance, awarded the costs against both "defendants in error."

Upon motion to amend an order of the Special Court of Appeals.

*Motion denied.*

*Williams & Mullen* and *Guy B. Hazelgrove,* for plaintiff in error.

*Ellsworth Wiltshie, Jas. H. Price* and *Louis S. Herrink,* for the defendants in error.

PER CURIAM:

Upon a motion to amend the order entered in pursuance of an opinion delivered by this court on October 1, 1925, 143 Va. 903, 129 S. E. 493.

The facts are fully set out in the opinion referred to, and the error attempted to be corrected by this proceeding arises by reason of the language used in the concluding paragraph of the order entered by the court remanding the case for new trial.

"It is therefore adjudged and ordered that the said judgment be reversed and annulled, the verdict of the jury set aside and the cause is remanded to the said circuit court for a new trial to be had in accordance with the views expressed in the said written opinion of the court. And it is further adjudged and ordered that the plaintiff in error recover of the defendants in error his costs by him expended about the prosecution of his writ of error and supersedeas aforesaid here."

This order in terms awards costs to the plaintiff in error to be recovered against both of the defendants in error, whereas it is insisted that as the jury in the court below found in favor of the defendant Franklin, and this court in its opinion held that no error was committed in the trial of the case in the court below in so far as Franklin is concerned, and that as he has substantially prevailed both there and here, this court should now correct its mandate of October 1, 1925, so as to make it read "that the plaintiff in error recover of the defendant in error, Helen Parrish Tritton, his costs, etc."

[1] We think there is no question but that costs

should not have been awarded against the defendant in error, A. F. Franklin, and the order of this court in using the word "defendants" instead of "defendant" was a most natural inad⸗ertance growing out of the fact that two persons were named as defendants throughout the entire proceedings. Had the matter been brought to the court's attention before the time fixed for rehearings had passed, the order would have been amended as above indicated. The case is now before the circuit court of the city of Richmond and we are clearly without jurisdiction to enter any order therein.

[2, 3] The case seems to us to be fully covered by the language of Judge Harrison in *Southern Railway Company* v. *Glenn*, 102 Va. 531, 46 S. E. 777, and we have no doubt but that when the matter is brought to the attention of the court where the case is now pending, the views as expressed in the *Glenn Case* will be vitalized in the form of affirmative relief to the defendant, Franklin, whose acquittal of negligence in the lower court has been substantially affirmed in this court.

The language of Judge Harrison to which we have just referred is as follows:

"It is not competent for the circuit court to amend or correct the mandate of this court. We are, ourselves, powerless to amend or correct our own mandate after the term at which it was rendered has passed, and the time for a rehearing has expired. The question involved, however, is not the right of the court to amend, but its power to construe the mandate, and declare its meaning. From a casual reading of the mandate, it is manifest that the recital of the name of the trustee was wholly unnecessary. The presence of the name of 'W. W. Glenn' in the mandate takes nothing from its force; the order would have been complete and effective without it. The name 'W. W. Glenn'

may, therefore, be regarded as surplusage which does not vitiate that which is otherwise good.   Broom's legal Maxims, 7th ed., page 626; *Laverty* v. *Moore*, 33 N. Y. 663; *Campbell* v. *Ayres*, 6 Iowa, 339.   The mandate provides that the directions to the lower court, contained therein, shall be so carried out as not to conflict with the written opinion of this court.   This practically makes the opinion a part of the mandate, and, when the opinion is looked to, the meaning of the mandate is free from all doubt and difficulty.   It there clearly appears that John Glenn was the trustee, who had claimed and received the extra compensation, and the only trustee before the court when the additional compensation was allowed.   The mandate and opinion, read together, further clearly show that it was the extra commissions allowed John Glenn, trustee, that were disallowed as to the claim of the appellants.   Under these circumstances it was not error in the circuit court to treat the misnomer as a mere clerical error, not affecting the substance of the mandate, which was clear and specific in its directions with respect to the disallowance of the extra commissions as to the appellants.''

While the motion must be denied for the reasons assigned in this opinion, we think the opinion of the court heretofore rendered on the merits, clearly determines the rights of the parties and when read in conjunction with the language just quoted from Judge Harrison fully justifies the court below in awarding the costs solely against Helen Parrish Tritton, the defendant in error, who failed to substantially prevail in this court, and in exonerating A. F. Franklin, who has substantially prevailed at every state of the litigation.

*Motion  denied.*