**CIRCUIT COURT OF FAIRFAX COUNTY**

David H. Stover et al.

v.

Landmark Mews Associates et al.

April 3, 1989

Case No. (Chancery)108438

By JUDGE LEWIS HALL GRIFFITH

This is a suit for specific performance of a contract for the sale of real estate filed against the builder and seller of the property, the subsequent purchasers and their mortgagee, and the real estate company. This case is now before the Court on the demurrers by two groups of defendants to the amended bill of complaint.

There are three grounds set forth in the demurrer by Frederick and Donna Meyers, Dominion Mortgage Center, Inc., and Dominion Mortgage Funding Corporation. The demurrer by Landmark Mews Associates argues two of the same rounds and includes two additional grounds.

The first argument advanced by the Meyers and Dominion Mortgage defendants is that the damages were not pled with sufficient specificity to determine whether they were incidental to specific performance. The Court finds no merit in this contention because the bill of complaint has been amended with sufficient specificity. In addition, this argument is inconsistent with the other arguments which allege that the damages were clearly not incidental.

The second and third arguments are that the damages prayed for in paragraphs eighteen and seventeen are not incidental to specific performance. In paragraph eighteen,

the plaintiffs ask for a second updated appraisal of the home, a second credit report, moving costs associated with a second move, furniture storage costs and interest on the deposit from the time of the breach until settlement. In paragraph seventeen, the plaintiffs note that interest rates have increased significantly since the defendants' refusal to convey the property. The plaintiffs ask for the present value of the difference of the cost of financing between the date of the wrongful refusal to convey the property and the date of settlement.

The Court finds for the defendants on these issues. The damages prayed for by the plaintiffs are not recoverable. Virginia allows only a limited recovery for damages incident to an award for specific performance. A purchaser may recover the rents and profits of the land or its rental value, and a vendor may recover interest on the purchase money between the agreed date for conveyance and the date the conveyance is made. *Turney v. Smith*, 213 Va. 723 (1973). The demurrers are sustained on these grounds. The defendant Landmark Mews Associates has submitted the same arguments, and its demurrer on these grounds is sustained also.

In addition, Landmark Mews argues that the underlying contract between the plaintiffs and the defendant builder was rescinded by the plaintiffs and therefore cannot be the basis for specific performance. Landmark also argues that the plaintiffs nonsuited the earlier action against the builder and therefore the *lis pendens* filed pursuant to that action had no legal effect. These grounds for demurrer are improper because a demurrer properly lies only for defects which are apparent on the face of the pleadings. Allegations of new matter are not appropriate. *Anderson v. Patterson*, 189 Va. 793 (1949). These facts were not alleged in the amended bill of complaint and therefore cannot be the basis for a demurrer.

The demurrers are sustained on the grounds previously stated.